UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
MARTANE EDWARDS and SHARIFAH N.
EDWARDS,

               Plaintiffs,

               -against-

THE CITY OF NEW YORK, Police Officer
JASON FIGARI, Shield No. 11521,
Sergeant WILLIAM TERGESEN, Shield
No. 3083, Police Officer BRIAN VOLPI, Shield
No. 21639, Captain RODERICK DANTINI, Police
Officer DERRICK COLEMAN, Shield No. 22912,
Detective CHARLES LOVELOCK, Shield No.
5308, Sergeant JOHN DAMMACCO, Shield
No. 5117,

               Defendants.
-------------------------------------------------------X

**AMENDED COMPLAINT AND JURY DEMAND**

The Plaintiffs, MARTANE EDWARDS and SHARIFAH N. EDWARDS, by their attorney, The Rameau Law Firm, alleges the following, upon information and belief for this Amended Complaint:

## **INTRODUCTION**

1.     This is a civil rights action for money damages brought pursuant to 42 U.S.C. §§§ 1981, 1983, and 1988, the First, Fourth and Fourteenth Amendments of the United States Constitution, Article I Sections 6, 11, and 12 of the Constitution of the State of New York, and the common law of the State of New York, against the

police officers mentioned above in their individual capacities, and against the City of New York.

2.     It is alleged that the individual police officer defendants made an unreasonable seizure of the person of plaintiff, violating his rights under the First, Fourth, Eighth and Fourteenth Amendments to the United States Constitution, and that these defendants assaulted and battered plaintiff. It is further alleged that these violations and torts were committed as a result of policies and customs of the City of New York.

3.     Plaintiffs seek compensatory and punitive damages, affirmative and equitable relief, an award of attorneys' fees and costs, and such other relief as this Court deems equitable and just.

4.     Plaintiffs filed a Notice of Claim on or about November 12, 2014.

5.     At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

6.     This action has been commenced within one year and ninety days after the happening of events upon which the claims are based.

## JURISDICTION

7.     This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §§ 1331 and 1343. Plaintiffs also

assert jurisdiction over the City of New York under 28 U.S.C. §§ 1331 and 1367. Plaintiff requests that this Court exercise pendent jurisdiction over any state law claims arising out of the same common nucleus of operative facts as plaintiff's federal claims.

## VENUE

8.     Under 28 U.S.C. § 1391(b) and (c) venue is proper in the Eastern District of New York.

## PARTIES

9.     Plaintiffs MARTANE EDWARDS ("Martane") and SHARIFAH N. EDWARDS ("Sharifah") are residents of Queens County in the City and State of New York and of proper age to commence this lawsuit.

10.     Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

11.     Defendant Police Officer JASON FIGARI, Shield No. 11521 ("Figari"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Figari is sued in his individual and official capacities.

12.    Defendant Police Officer Figari at all relevant times herein, either directly participated or failed to intervene in the violation of plaintiffs' rights.

13.    Defendant Sergeant WILLIAM TERGESEN, Shield No. 3083 ("Tergesen") at all times relevant herein, was an officer, employee and agent of the NYPD.  Defendant Tergesen is sued in his individual and official capacities.

14.    Defendant Sergeant Tergesen at all relevant times herein, either directly participated or failed to intervene in the violation of plaintiffs' rights.

15.    Defendant Police Officer Brian Volpi, Shield No. 21639 ("Volpi") at all times relevant herein, was an officer, employee and agent of the NYPD.  Defendant Volpi is sued in his individual and official capacities.

16.    Defendant Volpi at all relevant times herein, either directly participated or failed to intervene in the violation of plaintiffs' rights.

17.    Defendant Captain Roderick Dantini ("Dantini") at all times relevant herein, was an officer, employee and agent of the NYPD.  Defendant Dantini is sued in his individual and official capacities.

18.    Defendant Dantini at all relevant times herein, either directly participated or failed to intervene in the violation of plaintiffs' rights.

19.    Defendant Police Officer Derrick Coleman, Shield No. 22912 ("Coleman") at all times relevant herein, was an officer, employee and agent of the NYPD.  Defendant Coleman is sued in his individual and official capacities.

20.    Defendant Coleman at all relevant times herein, either directly participated or failed to intervene in the violation of plaintiffs' rights.

21.    Defendant Detective Charles Lovelock, Shield No. 5308 ("Lovelock") at all times relevant herein, was an officer, employee and agent of the NYPD.  Defendant Lovelock is sued in his individual and official capacities.

22.    Defendant Lovelock at all relevant times herein, either directly participated or failed to intervene in the violation of plaintiffs' rights.

23.    Defendant Sergeant John Dammacco, Shield No. 5117 ("Dammacco") at all times relevant herein, was an officer, employee and agent of the NYPD.  Defendant Dammacco is sued in his individual and official capacities.

24.   Defendant Dammacco at all relevant times herein, either directly participated or failed to intervene in the violation of plaintiffs' rights.

25.   At all times relevant herein, all individual defendants were acting under color of state law.

26.   The City of New York (hereinafter "The City") is, and was at all material times, a municipal corporation duly organized and existing pursuant to the laws, statutes and charters of the State of New York. The City operates the N.Y.P.D., a department or agency of defendant City responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

27.   The City was at all material times the public employer of defendant officers named herein.

28.   The City is liable for the defendant officers' individual actions pursuant to the doctrine of "respondeat superior."

## **FACTUAL ALLEGATIONS**

29.   Plaintiffs are African-American females, mother and daughter.

30.   On or about August 24, 2014, at approximately 12:00 a.m. as plaintiff MARTANE EDWARDS was hosting at 119-31 165th

Street in the County of Queens, City and State of New York, she noticed that a police officer was speaking to one of her guests.

31.   Plaintiff approached her guest and asked if everything was ok.

32.   Defendant Tergesen was rude and asked plaintiff MARTANE EDWARDS for her ID.

33.   Plaintiff handed him her ID, but the officer refused to give it back to plaintiff.

34.   Defendants Figari, Volpi, Dantini, Coleman, Lovelock and Dammacco appeared and demanded to enter plaintiffs' property.

35.   Plaintiffs did not give defendants permission to enter.

36.   Nevertheless, Defendant officers entered the back yard of plaintiffs' home and took the equipment of the DJ who was entertaining guests in the backyard.

37.   Plaintiff asked one of the defendants why they were doing that to the DJ.

38.   In response, one of the defendant officers said the DJ would have to get the equipment back from the precinct.

39.   At that time, plaintiff SHARIFAH EDWARDS asked defendant officers if they had a warrant.

40.   That defendant Tergesen responded, "give me your ID."

41.   Plaintiff SHARIFAH EDWARDS asked, "Why?"

42.    In response, defendant Tergesen pulled out a flashlight and hit plaintiff SHARIFAH in the face, injuring her eye.

43.    Plaintiff SHARIFAH started bleeding and cried out in pain.

44.    Defendant officers continued assaulting plaintiff SHARIFAH pushing her against the gate.

45.    Once defendant Tergesen pressed plaintiff SHARIFAH against the wall, he started assaulting plaintiff applying tremendous force with his knee against her body.

46.    Defendants Figari, Volpi, Dantini, Coleman, Lovelock and Dammacco failed to stop the assault of the plaintiffs.

47.    Defendants Figari, Volpi, Dantini, Coleman, Lovelock and Dammacco either falsely arrested plaintiffs or failed to stop the false arrest of plaintiffs.

48.    Plaintiffs were handcuffed and taken to the precinct.

49.    At the precinct, the officers falsely informed employees of the Queens County District Attorney's Office that they had observed plaintiffs committing various crimes.

50.    At no point did the officers observe plaintiffs committing any crimes or offenses.

51.    Ultimately plaintiffs were taken from the police precinct to Queens Central Booking.

52.    All charges against plaintiffs were false.

53. All charges against plaintiffs were dismissed and sealed after plaintiffs' criminal cases were resolved through adjournments in contemplation of dismissal.

54. At all times during the events described above, the defendant police officers were engaged in a joint venture. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during the said events.

55. Defendants employed unnecessary and unreasonable force against the plaintiffs. Defendant officers acted maliciously and intentionally, and said acts are examples of gross misconduct. The officers intentionally used excessive force. They acted with reckless and wonton disregard for the rights, health, and safety of the plaintiff.

56. The conduct of the defendant officers in assaulting the plaintiffs directly and proximately caused physical and emotional injury, pain and suffering, mental anguish, humiliation and embarrassment. All of the events complained of above have left permanent emotional scars that the plaintiffs will carry with them for the remainder of their lives.

57. At no time did plaintiffs assault or attempt to assault any officer, nor did they present a threat or a perceived threat to the personal safety of any officer or civilian so as to warrant the repeated

application of blows. Plaintiffs did not provoke this beating nor did they conduct themselves in any manner that would warrant any use of force, much less the excessive force actually used.   Defendant officers acted sadistically and maliciously and demonstrated deliberate indifference toward plaintiffs' rights and physical well-being.

58.   All of the above was done in violation of state and federal law.

59.   As a direct and proximate result of the malicious and outrageous conduct of defendants set forth above, plaintiffs' injury has become permanent in nature.

60.   The conduct of the defendant officers in assaulting the plaintiffs and denying him medical attention directly and proximately caused physical and emotional injury, pain and suffering, mental anguish, humiliation and embarrassment.

61.   As a direct and proximate result of the said acts of the defendant officers, the plaintiffs suffered the following injuries and damages:

      i.   Violation of their constitutional rights under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution to be free from unreasonable search and seizure of their persons;

     ii.   Loss of their physical liberty;

    iii.  Physical pain and suffering and emotional trauma and suffering, requiring the expenditure of money for treatment;

62.    The actions of the defendant officers violated the following clearly established and well settled federal constitutional rights of plaintiffs:

    i.  Freedom from the unreasonable seizure of their persons;

    ii.  Freedom from the use of excessive, unreasonable and unjustified force against their persons.

## FIRST CLAIM
## 42 U.S.C. § 1983

63.  Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

64.  Defendants, by their conduct toward plaintiffs alleged herein, violated plaintiffs' rights guaranteed by 42 U.S.C. § 1983, the First, Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

65.  As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages hereinbefore alleged.

## SECOND CLAIM
## False Arrest

66.  Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

67.  Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiffs without probable cause.

68.   As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages hereinbefore alleged.

## **THIRD CLAIM**
### **State Law False Imprisonment and False Arrest**

69.    Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

70.    By their conduct, as described herein, the individual defendants are liable to plaintiffs for falsely imprisoning and falsely arresting plaintiffs.

71.    Plaintiffs were conscious of their confinement.

72.    Plaintiffs did not consent to their confinement.

73.    Plaintiffs' confinement was not otherwise privileged.

74.    Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

75.    As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiffs sustained the damages alleged herein.

## **FOURTH CLAIM**
### **Unreasonable Force**

76.    Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

77.   The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

78.   As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### State Law Assault and Battery

79.   Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

80.   By their conduct, as described herein, the defendants are liable to plaintiffs for having assaulted and battered them.

81.   Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

82.   As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiffs sustained the damages alleged herein.

## SIXTH CLAIM
### Denial Of Constitutional Right To Fair Trial

83.   Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

84.   The individual defendants created false evidence against Plaintiffs.

85.   The individual defendants forwarded false evidence to prosecutors in the Queens County District Attorney's office.

86.   In creating false evidence against Plaintiff, and in forwarding false information to prosecutors, the individual defendants violated Plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

87.   As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages hereinbefore alleged.

## SEVENTH CLAIM
### Malicious Abuse Of Process

88.   Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

89.   The individual defendants issued legal process to place Plaintiffs under arrest.

90.   The individual defendants arrested Plaintiffs in order to obtain collateral objectives outside the legitimate ends of the legal process, to wit, to cover up their assault of them.

91.   The individual defendants acted with intent to do harm to Plaintiffs without excuse or justification.

92.   As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages hereinbefore alleged.

## EIGHTH CLAIM
## Negligent Hiring/Training/Retention/Supervision Of Employment Services

93.  Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

94.  Defendant City, through the NYPD, owed a duty of care to plaintiffs to prevent the conduct alleged, because under the same or similar circumstances a reasonable, prudent, and careful person should have anticipated that injury to plaintiffs or to those in a like situation would probably result from the foregoing conduct.

95.  Upon information and belief, all of the individual defendants were unfit and incompetent for their positions.

96.  Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that the individual defendants were potentially dangerous.

97.  Upon information and belief, defendant City's negligence in screening, hiring, training, disciplining, and retaining these defendants proximately caused each of plaintiff's injuries.

98.  As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## NINTH CLAIM
### Intentional Infliction of Emotional Distress

99.  Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

100. By reason of the foregoing, and by assaulting, battering, and using gratuitous, excessive, brutal, sadistic, and unconscionable force, failing to prevent other defendants from doing so, or causing an unlawful seizure and extended detention without due process, the defendants, acting in their capacities as NYPD officers, and within the scope of their employment, each committed conduct so extreme and outrageous as to constitute the intentional infliction of emotional distress upon Plaintiff.

101. The intentional infliction of emotional distress by these defendants was unnecessary and unwarranted in the performance of their duties as NYPD officers.

102. Defendants, their officers, agents, servants, and employees were responsible for the intentional infliction of emotional distress upon Plaintiff.  Defendant City, as employer of each of the defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior*.

103. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages hereinbefore alleged.

## TENTH CLAIM
### Negligent Infliction of Emotional Distress

104. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

105. By reason of the foregoing, and by assaulting, battering, and using gratuitous, excessive, brutal, sadistic, and unconscionable force, failing to prevent other defendants from doing so, or causing an unlawful seizure and extended detention without due process, the defendants, acting in their capacities as NYPD officers, and within the scope of their employment, each were negligent in committing conduct that inflicted emotional distress upon Plaintiff.

106. The negligent infliction of emotional distress by these defendants was unnecessary and unwarranted in the performance of their duties as NYPD officers.

107. Defendants, their officers, agents, servants, and employees were responsible for the negligent infliction of emotional distress upon Plaintiff. Defendant City, as employer of each of the defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior*.

108. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages hereinbefore alleged.

## ELEVENTH CLAIM
### Failure To Intervene

109. Plaintiff repeat and reallege each and every allegation as if fully set forth herein.

110. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

111. Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth And Fourteenth Amendments.

112. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## TWELFTH CLAIM
### *Monell*

113. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

114. This is not an isolated incident.  The City of New York (the "City"), through policies, practices and customs, directly caused the constitutional violations suffered by plaintiff.

115. The City, through its police department, has had and still has hiring practices that it knows will lead to the hiring of police officers lacking the intellectual capacity and moral fortitude to discharge their duties in accordance with the constitution and is indifferent to the consequences.

116. The City, through its police department, has a *de facto* quota policy that encourages unlawful stops, unlawful searches, false arrests, the fabrication of evidence and perjury.

117. The City, at all relevant times, was aware that these individual defendants routinely commit constitutional violations such as those at issue here and has failed to change its policies, practices and customs to stop this behavior.

118. The City, at all relevant times, was aware that these individual defendants are unfit officers who have previously committed the acts alleged herein and/or have a propensity for unconstitutional conduct.

119. These policies, practices, and customs were the moving force behind plaintiff's injuries.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff requests that this Court:

(a)    Award    compensatory    damages    against    the defendants, jointly and severally;

(b)    Award  punitive  damages  against  the  individual defendants, jointly and severally;

(c)    Award costs of this action to the plaintiff;

(d)    Award  reasonable  attorneys' fees  and  costs  to  the plaintiff pursuant to 28 U.S.C. § 1988;

(e)    Such  other  and  further  relief  as  this  Court  deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a jury trial.

DATED:    May 23, 2016

Brooklyn, New York


Afsaan Saleem, Esq.
The Rameau Law Firm
16 Court Street, Suite 2504
Brooklyn, New York 11241
Phone: (718) 852-4759
saleemlawny@gmail.com

*Attorney for Plaintiff*


TO:        All  Defendants
            Corporation  Counsel  of the  City of New York