UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- x

MARTANE EDWARDS AND SHARIFAH N. EDWARDS,

                              Plaintiffs,

-against--

THE CITY OF NEW YORK, Police Officer JASON FIGARI, Shield No. 11521, Sergeant WILLIAM TERGESEN, Shield No. 3083, Police Officer BRIAN VOLPI, Shield No. 21639, Captain RODERICK DANTINI, Police Officer DERRICK COLEMAN, Shield No. 22912, Detective CHARLES LOVELOCK, Shield No. 5308, Sergeant JOHN DAMMACCO, Shield No. 5117,

                              Defendants.

------------------------------------------------------------------------- x

**ANSWER TO THE AMENDED COMPLAINT ON BEHALF OF DEFENDANTS**

15-CV-6557 (KAM) (LB)

<u>JURY TRIAL DEMANDED</u>

        Defendants City of New York, Sergeant William Tergesen, Police Officer Jason Figari, Police Officer Brian Volpi, Captain Roderick Dantini, Police Officer Derrick Coleman, Detective Charles Lovelock, and Sergeant John Dammacco, by their attorney, Zachary W. Carter, Corporation Counsel of the City of New York, for their answer to the first amended complaint, respectfully allege, upon information and belief, as follows:

        1.    Deny the allegations set forth in paragraph "1" of the first amended complaint, except admit only that plaintiffs purport to proceed as stated therein.

        2.    Deny the allegations set forth in paragraph "2" of the first amended complaint, except admit only that plaintiffs purport to proceed as stated therein.

        3.    Deny the allegations set forth in paragraph "3" of the first amended complaint, except admit only that plaintiffs purport to proceed as stated therein.

        4.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4" of the first amended complaint.

5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the first amended complaint.

6. Deny the allegations set forth in paragraph "6" of the first amended complaint, except admit only that this action was filed on November 18, 2015.

7. Deny the allegations set forth in paragraph "7" of the first amended complaint, except admit only that plaintiffs purport to invoke the jurisdiction of the Court as stated therein.

8. Deny the allegations set forth in paragraph "8" of the first amended complaint, except admit only that plaintiffs purport to base venue as stated therein.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the first amended complaint.

10. Deny the allegations set forth in paragraph "10" of the first amended complaint, except admit only that the City of New York is a municipal corporation organized under the laws of the State of New York and the City maintains a police department known as the New York Police Department ("NYPD").  Defendants respectfully refer the Court to the New York City Charter and the Administrative Code and other relevant provisions of law for a recitation of the relationship between the City and the NYPD and the City's responsibilities incident thereto.

11. Deny the allegations set forth in paragraph "11" of the first amended complaint, except admit only that, on or about August 24, 2014, Jason Figari was employed by the New York City Police Department ("NYPD") and that plaintiffs purport to sue Police Officer Jason Figari as set forth therein.

12. Object to and deny the embedded assertion that any member of the NYPD engaged in any wrongdoing such as to impose a duty to intervene on any other member of the NYPD and deny the remaining allegations set forth in paragraph "12" of the first amended complaint.

13. Deny the allegations set forth in paragraph "13" of the first amended complaint, except admit only that, on or about August 24, 2014, Sergeant William Tergesen was employed by the NYPD and that plaintiffs purport to sue Sergeant Tergesen as set forth therein.

14. Object to and deny the embedded assertion that any member of the NYPD engaged in any wrongdoing such as to impose a duty to intervene on any other member of the NYPD and deny the remaining allegations set forth in paragraph "14" of the first amended complaint.

15. Deny the allegations set forth in paragraph "15" of the first amended complaint, except admit only that, on or about August 24, 2014, Police Officer Brian Volpi was employed by the NYPD and that plaintiffs purport to sue Officer Volpi as set forth therein.

16. Object to and deny the embedded assertion that any member of the NYPD engaged in any wrongdoing such as to impose a duty to intervene on any other member of the NYPD and deny the remaining allegations set forth in paragraph "16" of the first amended complaint.

17. Deny the allegations set forth in paragraph "17" of the first amended complaint, except admit only that, on or about August 24, 2014, Captain Roderick Dantini was employed by the NYPD and that plaintiffs purport to sue Captain Dantini as set forth therein.

18. Object to and deny the embedded assertion that any member of the NYPD engaged in any wrongdoing such as to impose a duty to intervene on any other member of the

NYPD and deny the remaining allegations set forth in paragraph "18" of the first amended complaint.

19. Deny the allegations set forth in paragraph "19" of the first amended complaint, except admit only that, on or about August 24, 2014, Police Officer Derrick Coleman was employed by the NYPD and that plaintiffs purport to sue Officer Coleman as set forth therein.

20. Object to and deny the embedded assertion that any member of the NYPD engaged in any wrongdoing such as to impose a duty to intervene on any other member of the NYPD and deny the allegations set forth in paragraph "20" of the first amended complaint.

21. Deny the allegations set forth in paragraph "21" of the first amended complaint, except admit only that, on or about August 24, 2014, Detective Charles Lovelock was employed by the NYPD and that plaintiffs purport to sue Detective Lovelock as set forth therein.

22. Object to and deny the embedded assertion that any member of the NYPD engaged in any wrongdoing such as to impose a duty to intervene on any other member of the NYPD and deny the remaining allegations set forth in paragraph "22" of the first amended complaint.

23. Deny the allegations set forth in paragraph "23" of the first amended complaint, except admit only that, on or about August 24, 2014, Sergeant John Dammacco was employed by the NYPD and that plaintiffs purport to sue Sergeant Dammacco as set forth therein.

24. Object to and deny the embedded assertion that any member of the NYPD engaged in any wrongdoing such as to impose a duty to intervene on any other member of the

NYPD and deny the remaining allegations set forth in paragraph "24" of the first amended complaint.

25. State that the allegations set forth in paragraph "25" of the first amended complaint are legal conclusions to which no response is required.

26. Deny the allegations set forth in paragraph "26" of the first amended complaint, except admit only that the City of New York is a municipal corporation organized under the laws of the State of New York and the City maintains a police department known as the New York Police Department ("NYPD"). Defendants respectfully refer the Court to the New York City Charter and the Administrative Code and other relevant provisions of law for a recitation of the relationship between the City and the NYPD and the City's responsibilities incident thereto.

27. Deny the allegations set forth in paragraph "27" of the first amended complaint, except admit only that, on or about August 24, 2014, Jason Figari, William Tergesen, Brian Volpi, Roderick Dantini, Derrick Coleman, Charles Lovelock, and John Dammacco were employed by the NYPD.

28. Deny the allegations set forth in paragraph "28" of the first amended complaint.

29. Deny knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the first amended complaint.

30. Deny the allegations set forth in paragraph "30" of the first amended complaint, except admit only that, on August 24, 2014, a party was taking place at 119-31 165th Street, Queens, New York.

31. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of the first amended complaint.

32. Deny the allegations set forth in paragraph "32" of the first amended complaint, except admit only that Sergeant William Tergesen requested plaintiff's ID.

33. Deny the allegations set forth in paragraph "33" of the first amended complaint and further state that plaintiff never gave an NYPD officer her ID.

34. Deny the allegations set forth in paragraph "34" of the first amended complaint.

35. Deny the allegations set forth in paragraph "35" of the first amended complaint.

36. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "36" of the first amended complaint.

37. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "37" of the first amended complaint.

38. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "38" of the first amended complaint.

39. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "39" of the first amended complaint.

40. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "40" of the first amended complaint.

41. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "41" of the first amended complaint.

42. Deny the allegations set forth in paragraph "42" of the first amended complaint.

43. Deny the allegations set forth in paragraph "43" of the first amended complaint.

44. Deny the allegations set forth in paragraph "44" of the first amended complaint, except to the extent that force was used, that force was reasonable, necessary, and justified.

45. Deny the allegations set forth in paragraph "45" of the first amended complaint.

46. Object to and deny the embedded assertion that any member of the NYPD engaged in any wrongdoing such as to impose a duty to intervene on any other member of the NYPD and deny the remaining allegations set forth in paragraph "46" of the first amended complaint.

47. Deny the allegations set forth in paragraph "47" of the first amended complaint.

48. Admit only that plaintiffs were handcuffed and transported to the 113th Precinct, on or about August 24, 2014, pursuant to lawful arrests.

49. Deny the allegations set forth in paragraph "49" of the first amended complaint.

50. Deny the allegations set forth in paragraph "50" of the first amended complaint.

51. Admit only that plaintiffs were transported to Queens Central Booking pursuant to lawful arrests on or about August 24, 2014.

52. Deny the allegations set forth in paragraph "52" of the first amended complaint.

53. Deny the allegations set forth in paragraph "53" of the first amended complaint, except admit only that, upon information and belief, plaintiffs accepted adjournments in contemplation of dismissal.

54. Object to and deny the embedded assertion "events described above," "various actions described" and "said events" and deny the remaining allegations set forth in paragraph "54" of the first amended complaint.

55. Deny the allegations set forth in paragraph "55" of the first amended complaint.

56. Object to and deny the embedded assertion "[t]he conduct of the defendant officers in assaulting the plaintiffs" and "[a]l of the events complained of above" and deny the remaining allegations set forth in paragraph "56" of the first amended complaint.

57. Deny the allegations set forth in paragraph "57" of the first amended complaint.

58. Object to and deny the embedded assertion "[a]ll of the above" and deny the remaining allegations set forth in paragraph "58" of the first amended complaint.

59. Object to and deny the embedded assertion as to "the malicious and outrageous conduct of defendants set forth above" and deny the remaining allegations set forth in paragraph "59" of the first amended complaint.

60. Object to and deny the embedded assertion "[t]he conduct of the defendant officers in assaulting the plaintiffs and denying him medical attention directly and proximately" and deny the remaining allegations set forth in paragraph "60" of the first amended complaint.

61. Object to and deny the embedded assertion as to "the said acts of the defendant officers" and deny the remaining allegations set forth in paragraph "61" of the first amended complaint and all its subparts.

62. Object to and deny the embedded assertion "[t]he actions of the defendant officers" and deny the remaining allegations set forth in paragraph "62" of the first amended complaint and all its subparts.

63. In response to the allegations set forth in paragraph "63" of the first amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

64. Deny the allegations set forth in paragraph "64" of the first amended complaint.

65. Object to and deny the embedded assertion as to "this unlawful conduct" and deny the remaining allegations set forth in paragraph "65" of the first amended complaint.

66. In response to the allegations set forth in paragraph "66" of the first amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

67. Deny the allegations set forth in paragraph "67" of the first amended complaint.

68. Object to and deny the embedded assertion as to "this unlawful conduct" and deny the remaining allegations set forth in paragraph "68" of the first amended complaint.

69. In response to the allegations set forth in paragraph "69" of the first amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

70. Object to and deny the embedded assertion "[b]y their conduct, as described herein" and deny the remaining allegations set forth in paragraph "70" of the first amended complaint.

71. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "71" of the first amended complaint.

72. Deny the allegations set forth in paragraph "72" of the first amended complaint.

73. Deny the allegations set forth in paragraph "73" of the first amended complaint.

74. Deny the allegations set forth in paragraph "74" of the first amended complaint.

75. Object to and deny the embedded assertion as to "the misconduct and abuse of authority stated above" and deny the remaining allegations set forth in paragraph "75" of the first amended complaint.

76. In response to the allegations set forth in paragraph "76" of the first amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

77. Deny the allegations set forth in paragraph "77" of the first amended complaint.

78. Object to and deny the embedded assertion as to "this unlawful conduct," and deny the remaining allegations set forth in paragraph "78" of the first amended complaint.

79. In response to the allegations set forth in paragraph "79" of the first amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

80. Object to and deny the embedded assertion "[b]y their conduct, as described herein" and deny the remaining allegations set forth in paragraph "80" of the first amended complaint.

81. Deny the allegations set forth in paragraph "81" of the first amended complaint.

82. Object to and deny the embedded assertion as to "the misconduct and abuse of authority stated above," and further deny the remaining allegations set forth in paragraph "82" of the first amended complaint.

83. In response to the allegations set forth in paragraph "83" of the first amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

84. Deny the allegations set forth in paragraph "84" of the first amended complaint.

85. Deny the allegations set forth in paragraph "85" of the first amended complaint.

86. Object to and deny the embedded assertion "[i]n creating false evidence against Plaintiff" and deny the remaining allegations set forth in paragraph "86" of the first amended complaint.

87. Object to and deny the embedded assertion as to "this unlawful conduct" and deny the remaining allegations set forth in paragraph "87" of the first amended complaint.

88. In response to the allegations set forth in paragraph "88" of the first amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

89. Deny the allegations set forth in paragraph "89" of the first amended complaint.

90. Deny the allegations set forth in paragraph "90" of the first amended complaint.

91. Deny the allegations set forth in paragraph "91" of the first amended complaint.

92. Object to and deny the embedded assertion as to "this unlawful conduct" and deny the remaining allegations set forth in paragraph "92" of the first amended complaint.

93. In response to the allegations set forth in paragraph "93" of the first amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

94. Deny the allegations set forth in paragraph "94" of the first amended complaint.

95. Deny the allegations set forth in paragraph "95" of the first amended complaint.

96. Deny the allegations set forth in paragraph "96" of the first amended complaint.

97. Deny the allegations set forth in paragraph "97" of the first amended complaint.

98. Object to and deny the embedded assertion as to "this unlawful conduct" and deny the remaining allegations set forth in paragraph "98" of the first amended complaint.

99. In response to the allegations set forth in paragraph "99" of the first amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

100. Object to and deny the embedded assertion "the foregoing." Deny the remaining allegations set forth in paragraph "100" of the first amended complaint and state that "within the scope of their employment" is a legal conclusion to which no response is required.

101. Deny the allegations set forth in paragraph "101" of the first amended complaint.

102. Deny the allegations set forth in paragraph "102" of the first amended complaint.

103. Object to and deny the embedded assertion "[a]s a direct and proximate result of the misconduct and abuse of authority detailed above" and deny the remaining allegations set forth in paragraph "103" of the first amended complaint.

104. In response to the allegations set forth in paragraph "104" of the first amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

105. Object to and deny the embedded assertion "the foregoing." Deny the remaining allegations set forth in paragraph "105" of the first amended complaint and state that "within the scope of their employment" is a legal conclusion to which no response is required.

106. Deny the allegations set forth in paragraph "106" of the first amended complaint.

107. Deny the allegations set forth in paragraph "107" of the first amended complaint.

108. Object to and deny the embedded assertion as to "the misconduct and abuse of authority detailed above" and deny the remaining allegations set forth in paragraph "108" of the first amended complaint.

109. In response to the allegations set forth in paragraph "109" of the first amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

110. Object to and deny the embedded assertion as to "the aforementioned unlawful conduct" and deny the remaining allegations set forth in paragraph "110" of the first amended complaint.

111. Object to and deny the embedded assertion that any member of the NYPD engaged in any wrongdoing such as to impose a duty to intervene on any other member of the NYPD and deny the remaining allegations set forth in paragraph "111" of the first amended complaint.

112. Object to and deny the embedded assertion "[a]s a direct and proximate result of this unlawful conduct" and deny the remaining allegations set forth in paragraph "112" of the first amended complaint.

113. In response to the allegations set forth in paragraph "113" of the first amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

114. Deny the allegations set forth in paragraph "114" of the first amended complaint.

115. Deny the allegations set forth in paragraph "115" of the first amended complaint.

116. Deny the allegations set forth in paragraph "116" of the first amended complaint.

117. Deny the allegations set forth in paragraph "117" of the first amended complaint.

118. Deny the allegations set forth in paragraph "118" of the first amended complaint.

119. Deny the allegations set forth in paragraph "119" of the first amended complaint.

## FIRST AFFIRMATIVE DEFENSE:

120. The first amended complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE:

121. Any injury alleged to have been sustained resulted from plaintiffs' own culpable or negligent conduct or the culpable and negligent conduct of third parties and was not the proximate result of any act of defendants City of New York, Sergeant William Tergesen, Officer Jason Figari, Officer Brian Volpi, Captain Roderick Dantini, Officer Derrick Coleman, Detective Charles Lovelock, and Sergeant John Dammacco.

## THIRD AFFIRMATIVE DEFENSE:

122. Plaintiffs provoked any incident.

## FOURTH AFFIRMATIVE DEFENSE:

123. Defendants City of New York, Sergeant William Tergesen, Officer Jason Figari, Officer Brian Volpi, Captain Roderick Dantini, Officer Derrick Coleman, Detective

Charles Lovelock, and Sergeant John Dammacco have not violated any rights, privileges, or immunities under the Constitution or laws of the United States or the States of New York or any political subdivision thereof.

### FIFTH AFFIRMATIVE DEFENSE:

124. There was probable cause for plaintiffs' arrest, detention, and prosecution.

### SIXTH AFFIRMATIVE DEFENSE:

125. Sergeant William Tergesen, Officer Jason Figari, Officer Brian Volpi, Captain Roderick Dantini, Officer Derrick Coleman, Detective Charles Lovelock, and Sergeant John Dammacco have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, are protected by qualified immunity.

### SEVENTH AFFIRMATIVE DEFENSE:

126. At all times relevant to the acts alleged in the complaint, Sergeant William Tergesen, Officer Jason Figari, Officer Brian Volpi, Captain Roderick Dantini, Officer Derrick Coleman, Detective Charles Lovelock, and Sergeant John Dammacco acted reasonably in the proper and lawful exercise of their discretion.

### EIGHTH AFFIRMATIVE DEFENSE:

127. At all times relevant to the acts alleged in the complaint, the duties and functions of the municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant City of New York is entitled to governmental immunity from liability.

### NINTH AFFIRMATIVE DEFENSE:

128. Punitive damages cannot be assessed against defendant City of New York.

**TENTH AFFIRMATIVE DEFENSE:**

129. Plaintiffs have failed to mitigate their alleged damages.

**ELEVENTH AFFIRMATIVE DEFENSE:**

130. Plaintiffs have failed to state a claim under Monell v. Dep't of Soc. Serv., 436 U.S. 658 (1978).

**TWELFTH AFFIRMATIVE DEFENSE:**

131. Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

**THIRTEENTH AFFIRMATIVE DEFENSE:**

132. To the extent any force was used, such force was reasonable, necessary, and justified.

**FOURTEENTH AFFIRMATIVE DEFENSE:**

133. Plaintiff's claims may be barred, in whole or in part, because plaintiff failed to comply with New York General Municipal Law §§ 50(e), *et seq*.

**FIFTEENTH AFFIRMATIVE DEFENSE:**

134. There was reasonable suspicion, probable cause, and/or exigent circumstances for any alleged stop, search and/or entry.

**WHEREFORE,** defendants request judgment dismissing the first amended complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
July 8, 2016

        ZACHARY W. CARTER
        Corporation Counsel of the
          City of New York
        *Attorney for Defendants*
        New York, New York 10007
        (212) 356-3514


By: _____/s/_____
     PETER J. FOGARTY
     Assistant Corporation Counsel


TO: <u>VIA ECF</u>
    Amy Rameau, Esq.
    Afsaan Saleem, Esq.
    The Rameau Law Firm
    *Attorneys for Plaintiffs*
    16 Court Street, Suite 2504
    Brooklyn, New York 11241